188

## CIRCUIT COURT OF LOUDOUN COUNTY

Congregation Sha'are Shalom et al.

    v.

Tully International, Inc., et al.

March 13, 2009

Case No. (Civil) 51371

BY JUDGE JAMES H. CHAMBLIN

This case came before the Court for argument on February 6, 2009, on the following:

1. The Motion to Quash, Modify, or Limit Subpoenas Duces Tecum filed on January 12, 2009, by the Defendants, Tully International, Inc., and Daniel F. Tully ("Tully"); and

2. The Motion to Compel Production of Documents filed on January 30, 2009, by the Plaintiffs, Congregation Sha'are Shalom, Michael Leavitt, Robert Shankman, and Jacqueline Simon, Trustees (the "Congregation").

The Motions concern a Subpoena Duces Tecum issued on December 2, 2008, to CNA Insurance by the Congregation. It appears that "CNA" is a fictitious name under which Continental Casualty Company does business. The Subpoena Duces Tecum seeks the production under Rule 4:9 of documents relating to an errors and omissions insurance policy issued by CNA covering the construction by Tully of a synagogue complex on land purchased by the Congregation in Loudoun County.

Tully argues that the request is overbroad, seeks attorney work product, and invades the attorney-client privilege. The Congregation asserts that all the requested documents are reasonable and necessary to aid it in its claims and defenses.

For the reasons hereinafter set forth, the Motion to Quash, Modify, or Limit Subpoenas Duces Tecum and the Motion to Compel Production of Documents are granted to the extent that the subpoena duces tecum to CNA is

modified to limit the documents to be produced to copies of the actual policies and only those documents relating to the charging of and the payment of the premiums for the insurance policy or policies issued by CNA for the synagogue project.

In paragraph 54 of the Complaint, the Congregation alleges that Tully breached the construction contract by demanding and requiring that the Congregation pay Tully for the cost of maintaining errors and omissions insurance for a period of time beyond the three-year period following the final completion of the synagogue complex required by the contract. In the Answer filed by Tully, the allegations of paragraph 54 of the Complaint are denied.

In its Counterclaim against the Congregation, Tully alleges that it is entitled to $2,000.00 for the cost of the insurance. See paragraphs 28 and 29 of the Counterclaim. This claim is a part of Tully's claims of breach of contract and unjust enrichment against the Congregation. In their Answer to the Counterclaim, the Congregation denies the aforesaid allegations to the extent they are inconsistent with the agreement.

Therefore, it appears to me that the only documents that the Congregation needs are the ones relevant to the premiums charged and paid for the errors and omissions policy. I do not think that attorney work product or attorney-client privilege would protect these documents from production.

I construe the requests in the Subpoena Duces Tecum to CNA to be very overbroad considering the very narrow issue involving the payment for Tully's errors and omissions policy. The documents requested amount to a request for every document that CNA possesses relating to the synagogue project. Even without knowing exactly how all the documents were generated and obtained by CNA, I think that arguably a considerable amount would be covered by either the work product doctrine and/or attorney-client privilege.

If there is still a dispute over whether or not the Congregation has been provided with a copy of any insurance policy subject to production under Rule 4:1(b)(2), then CNA must still produce (to the extent it has not already done so) a copy of all policies insuring Tully for the synagogue project covering the period from the commencement of the project to the present.